1

2

3

4

5

6

7

8    UNITED STATES DISTRICT COURT
     WESTERN DISTRICT OF WASHINGTON
9    AT TACOMA

10   VICTORIA LYNN GARCIA,

11              Plaintiff,                    CASE NO. 14-cv-05573 JRC

12        v.                                  ORDER ON PLAINTIFF'S
                                              COMPLAINT
13   CAROLYN W. COLVIN, Acting
14   Commissioner of the Social Security
     Administration,
15
                Defendant.
16

17        This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and

18   Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S.

19   Magistrate Judge and Consent Form, Dkt. 3; Consent to Proceed Before a United States

20   Magistrate Judge, Dkt. 4). This matter has been fully briefed (*see* Dkt. 11, 12, 13).

21        After considering and reviewing the record, the Court concludes that the ALJ did

22   not commit harmful error when evaluating plaintiff's credibility, as he noted, among

23   other things, that plaintiff's testimony was inconsistent with her reports of

24

contemporaneous functioning and other aspects of the treatment record. Although the ALJ's reliance on plaintiff's activities of daily living was not proper, the error is harmless as the ALJ offered other reasons for his failure to credit fully plaintiff's allegations and testimony that are clear and convincing and supported by substantial evidence in the record.

Therefore, this matter is affirmed pursuant to sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff, VICTORIA LYNN GARCIA, was born in 1957 and was 52 years old on the alleged date of disability onset of October 5, 2009 (*see* AR. 144-47). Plaintiff completed her high school education and attended a voc-tech for medical administration (AR. 32).  She has work experience as a customer service representative in healthcare insurance financial industries (AR. 31-32).

According to the ALJ, plaintiff has at least the severe impairments of "bilateral knee osteoarthritis requiring bilateral replacement, and obesity (20 CFR 404.1520(c))" (AR. 12).

At the time of the hearing, plaintiff was living alone in a duplex (AR. 29).

## PROCEDURAL HISTORY

Plaintiff's application for disability insurance ("DIB") benefits pursuant to 42 U.S.C. § 423 (Title II) of the Social Security Act was denied initially and following reconsideration (*see* AR. 55-61, 63-70). Plaintiff's requested hearings were held before Administrative Law Judge Robert P. Kingsley ("the ALJ") on October 16, 2012 and February 13, 2013 (*see* AR. 25-46, 47-53). On March 13, 2013, the ALJ issued a written

1   decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social

2   Security Act (*see* AR. 7-24).

3        In plaintiff's Opening Brief, plaintiff raises the following issues:   (1) Whether or

4   not the ALJ erred in adversely assessing plaintiff's credibility; and (2) Whether or not the

5   ALJ's errors were harmless (*see* Dkt. 11, p. 1).

6                              STANDARD OF REVIEW

7        Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's

8   denial of social security benefits if the ALJ's findings are based on legal error or not

9

10  supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d

11  1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir.

12  1999)).

13                                  DISCUSSION

14  (1)      **Did the ALJ err in adversely assessing plaintiff's credibility**?

15       Plaintiff contends that the ALJ did not provide clear and convincing reasons for

16  failing to credit fully plaintiff's allegations and testimony, as required by Ninth Circuit

17  case law. If an ALJ rejects the testimony of a claimant once an underlying impairment

18  has been established, the ALJ must support the rejection "by offering specific, clear and

19  convincing reasons for doing so." *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996)

20  (*citing Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir.1993)); *see also Reddick v. Chater*,

21  157 F.3d 715, 722 (9th Cir. 1998) (*citing Bunnell v. Sullivan*, 947 F.2d 341, 343, 346-47

22  (9th Cir. 1991) (*en banc*)). The Court notes that this "specific, clear and convincing"

23  standard recently was reaffirmed by the Ninth Circuit:

24

1
2
3
4
5
6
7

> Indeed, the cases following *Bunnell* read it as supplementing the "clear and convincing" standard with the requirement that the reasons also must be "specific." (internal citation to *Johnson v. Shalala*, 60 F.3d 1428, 1433 (9th Cir. 1995)). Our more recent cases have combined the two standards into the now-familiar phrase that an ALJ must provide specific, clear, and convincing reasons. (internal citation to *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012)). There is no conflict in the caselaw, and we reject the government's argument that *Bunnell* excised the "clear and convincing" requirement. We therefore review the ALJ's discrediting of Claimant's testimony for specific, clear, and convincing reasons.

8
9
10
11
12
13
14
15
16
17

*Burrell v. Colvin*, 2014 U.S. App. LEXIS 24654 at *6-*7, Docket No. 12-16673 at p. 10 (pdf version, available at http://cdn.ca9.uscourts.gov/datastore/opinions/2014/12/31/12-16673.pdf) (9th Cir. December 31, 2014); *see also Garrison v. Colvin*, 759 F.3d 995, 1015 n.18 (9th Cir. 2014) ("The government's suggestion that we should apply a lesser standard than 'clear and convincing' lacks any support in precedent and must be rejected"). As with all of the findings by the ALJ, the specific, clear and convincing reasons also must be supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

18
19
20
21
22

For the reasons stated below, the Court agrees with plaintiff with respect to one of the reasons provided by the ALJ, *i.e.*, plaintiff's activities of daily living regarding driving, light housework and caring for her granddaughter. However, the ALJ offered other reasons for failing to credit fully plaintiff's allegations and testimony. Therefore, the Court concludes that any error is harmless.

23
24

1    Plaintiff testified that when she sits, she has to have her legs straight out in front of

2    her, otherwise she only can sit for ten minutes at a time if her knees have to be bent (*see*

3    AR. 37). Although defendant argues that this testimony is inconsistent with plaintiff's

4    testimony that she can drive, defendant has not directed the Court to any testimony by

5    plaintiff that she drives more than ten minutes at a time (*see* AR. 30). Likewise, the

6    ALJ's finding of an inconsistency between plaintiff's allegations and the fact that she

7    helped her granddaughter for an hour before and after school also is not supported by

8    substantial evidence in the record, as there is no indication that taking care of the

9    grandchild required more than telling her what do or that it required any activities that

10   plaintiff alleged that she could not perform (*see* AR. 170). An ALJ may not speculate, but

11   must make findings based on substantial evidence in the record. *See* SSR 86-8, 1986 SSR

12   LEXIS 15 at *22; *see also Bayliss*, *supra*, 427 F.3d at 1214 n.1 (*citing Tidwell, supra*,

13   161 F.3d at 601). The ALJ's reliance on plaintiff's activities of daily living when failing

14   to credit fully plaintiff's allegations and testimony does not support the ALJ's credibility

15   determination, as discussed further below.

16       The other activity purportedly inconsistent with plaintiff's allegations is her

17   reference to the fact that she does light housework (*see* AR. 170). The Court concludes

18   that plaintiff's reference to the fact that she does light housework is not a demonstrated

19   inconsistency with her alleged limitations and the ALJ's finding of an inconsistency is

20   not based on substantial evidence in the record. *See Garrison v. Colvin*, 759 F.3d 955,

21   1016 (9th Cir. 2014).

Regarding activities of daily living, the Ninth Circuit repeatedly has "asserted that the mere fact that a plaintiff has carried on certain daily activities  . . . .  does not in any way detract from her credibility as to her overall disability." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (*quoting Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001)). The Ninth Circuit specified "the two grounds for using daily activities to form the basis of an adverse credibility determination: (1) whether or not they contradict the claimant's other testimony and (2) whether or not the activities of daily living meet "the threshold for transferable work skills." *Orn, supra*, 495 F.3d at 639 (*citing Fair, supra*, 885 F.2d at 603). As stated by the Ninth Circuit, the ALJ "must make 'specific findings relating to the daily activities' and their transferability to conclude that a claimant's daily activities warrant an adverse credibility determination. *Orn, supra*, 495 F.3d at 639 (*quoting Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005)).

The Ninth Circuit recently revisited this issue of activities of daily living and their consistency with pain-related impairments described by a claimant:

> [T]he ALJ erred in finding that [daily] activities, if performed in the manner that [the claimant] described, are inconsistent with the pain-related impairments that [the claimant] described in her testimony. We have repeatedly warned that ALJs must be especially cautious in concluding that daily activities are inconsistent with testimony about pain, because impairments that would unquestionably preclude work and all the pressures of a workplace environment will often be consistent with doing more than merely resting in bed all day. *See, e.g., Smolen, supra*, 80 F.3d at 1287 n.7 ("The Social Security Act does not require that claimants be utterly incapacitated to be eligible for benefits, and many home activities may not be easily transferable to a work environment where it might be impossible to rest periodically or take medication." (citation omitted in original)); *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) ("Many home activities are not easily transferable to what may be the more grueling environment of the

ORDER ON PLAINTIFF'S COMPLAINT - 6

1  workplace, where it might be impossible to periodically rest or take
2  medication.") Recognizing that "disability claimants should not be
   penalized for attempting to lead normal lives in the face of their
3  limitations," we have held that "[o]nly if her level of activity was
   inconsistent with [a claimant's] claimed limitations would these
4  activities have any bearing on [her] credibility." *Reddick*, *supra*, 157
   F.3d at 722 (citations omitted in original): *see also Bjornson v. Astrue*,
5  671 F.3d 640, 647 (7th Cir. 2012) ("The critical difference between
6  activities of daily living and activities in a full-time job are that a person
   has more flexibility in scheduling the former than the latter, can get help
7  from other persons  .  .  .  , and is not held to a minimum standard of
   performance, as she would be by an employer. The failure to recognize
8  these differences is a recurrent, and deplorable, feature of opinions by
   administrative law judges in social security disability cases." (citations
9  omitted in original)).

10  *Garrison v. Colvin*, 759 F.3d 955, 1016 (9th Cir. 2014).

11       Therefore, the ALJ's reliance on plaintiff's activities of daily living for his failure

12  to credit fully her credibility is error. However, the error is harmless.

13       The Ninth Circuit has "recognized that harmless error principles apply in the

14  Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012)

15  (*citing Stout v. Commissioner*, *Social Security Administration*, 454 F.3d 1050, 1054 (9th

16  Cir. 2006) (collecting cases)). The court noted that "several of our cases have held that an

17  ALJ's error was harmless where the ALJ provided one or more invalid reasons for

18  disbelieving a claimant's testimony, but also provided valid reasons that were supported

19  by the record." *Id.* (citations omitted). The Ninth Circuit noted that "in each case we look

20  at the record as a whole to determine [if] the error alters the outcome of the case." *Id.* The

21  court also noted that the Ninth Circuit has "adhered to the general principle that an ALJ's

22  error is harmless where it is 'inconsequential to the ultimate nondisability

23  determination.'" *Id.* (*quoting Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155,

24

ORDER ON PLAINTIFF'S COMPLAINT - 7

1  1162 (9th Cir. 2008)) (other citations omitted). The court noted the necessity to follow

2  the rule that courts must review cases "'without regard to errors' that do not affect the

3  parties' 'substantial rights.'" *Id.* at 1118 (*quoting Shinseki v. Sanders*, 556 U.S. 396, 407

4  (2009) (*quoting* 28 U.S.C. § 2111) (codification of the harmless error rule)).

5      In addition to relying on plaintiff's activities of daily living, the ALJ also relied on

6  inconsistencies between plaintiff's allegations and the record. As noted by the ALJ and as

7  summarized by defendant, plaintiff "complained that she could not sit, stand, or walk for

8  more than ten minutes at a time since her alleged onset date [of October 5, 2009] (internal

9  citation to AR. 14, 37-38) . . . . [and] that her medications caused drowsiness,

10 dizziness and fatigue (internal citation to AR. 14, 35, 194; *but see* AR. 176, 229, 270,

11 369)" (*see* Response, Dkt. 12, pp. 5-6).

12      First, despite testifying at her hearing that that her medications caused drowsiness,

13 dizziness and fatigue, plaintiff indicated on August 11, 2010 that she had been "taking

14 her medications without side effects" and wrote on May 24, 2011 that her medications

15 did not cause any side effects (*see* AR. 35, 176, 229). Similarly, on April 1, 2011,

16 plaintiff's treatment record indicates that plaintiff was not experiencing any side effects,

17 and with respect to her knee pain, plaintiff had indicated that her injections had been

18 helping (*see* AR. 270). On November 30, 2011, treatment notes indicate that plaintiff

19 indicated "No problems with her medications. No side effects" (*see* AR. 369). The ALJ's

20 finding that plaintiff's "treatment record does not fully corroborate the claimant's

21 testimony" is supported by the substantial evidence of the inconsistency between

plaintiff's testimony regarding her side effects and the treatment record indicating no side effects (*see* AR. 14).

Similarly, defendant argues that a note in the record regarding a trip to the east coast is inconsistent with plaintiff's alleged limitations, as pointed out by the ALJ (*see* AR. 18, 229). The Court notes that this trip was during the time when plaintiff reported that she was experiencing relief due to a cortisone shot (*see* AR. 338). Although plaintiff testified at her hearing that since her alleged onset date of October 5, 2009 she could not sit, stand, or walk for more than ten minutes at a time, in August, 2010, plaintiff took a trip to the east coast (*see* AR. 14, 37-38) Substantial evidence supports the ALJ's finding of an inconsistency, as it is a logical inference that one cannot get to the east coast without sitting, standing or walking for more than ten minutes at a time and without sitting more than two hours, standing more than an hour or walking more than an hour in an eight hour period, plaintiff's alleged limitations. *See Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982) (the ALJ may "draw inferences logically flowing from the evidence") (*citing Beane v. Richardson*, 457 F.2d 758 (9th Cir. 1972); *Wade v. Harris*, 509 F. Supp. 19, 20 (N.D. Cal. 1980)). The ALJ's reference to this inconsistency provides some support for his credibility determination.

The ALJ also relied on the fact that the medical record and contemporaneous reports of plaintiff's functioning were inconsistent with her allegations and testimony. As summarized at length by the ALJ, and as summarized concisely by defendant, despite plaintiff's allegations of an inability to sit, stand or walk for more than ten minutes since October 5, 2009, plaintiff "reported 11 months of 'excellent relief' from her cortisone

injection, lasting between approximately February 2010 through January 2011 (internal

citation to AR. 15, 242); [and] [p]laintiff did not note any knee pain to her primary care

provider in August 2010, despite her later statements of inability to sit, stand, or walk at

that time (internal citation to AR. 15, 229)" (Response Dkt. 12, p. 8). Substantial

evidence supports the summary by the ALJ with respect to these findings.  For instance,

on January 10, 2011, plaintiff reported experiencing "excellent relief for about 11

months," after receiving a cortisone injection (AR. 242). Similarly, in August, 2010,

plaintiff visited the hospital for a follow-up on hypertension and did not report any knee

pain and denied myalgias (*see* AR. 229). The ALJ made a logical inference that if

plaintiff had been experiencing disabling knee pain at this time she would have

mentioned it when she went for treatment.  This inference is based on substantial

evidence in the record as a whole.

Therefore, the Court concludes that the ALJ's finding that plaintiff's testimony at

her hearing regarding her limitations was contradicted by contemporaneous reports in the

treatment record during the alleged period of disability is a finding based on substantial

evidence in the record. The Court also concludes that this finding entails specific, clear

and convincing rationale for failing to credit fully plaintiff's allegations and testimony

regarding her limitations, when coupled with the ALJ's extensive discussion of the

objective medical evidence and the other inconsistencies already discussed (*see* AR. 14-

17).

The ALJ's discussion of the objective medical evidence and the treatment record

included plaintiff's report in May, 2011 that she had "done fairly well since [3 months

prior]" and was feeling "much better" (AR. 283); an indication in the October 12, 2011

record that plaintiff "stated that overall she was 'somewhat better than before'" (AR. 16

(*citing* AR. 333)); and, an indication in a November 30, 2011 treatment record that

plaintiff "reported lessening pain that was aided with taping" (AR. 16 (*citing* AR. 363)).

Although this later report was indicated by the ALJ as occurring in December, 2011,

when it occurred on November 30, 2011, substantial evidence supports the ALJ's

summary, as the Court notes that plaintiff reported at this November 30, 2011

examination that her pain was less (*see* AR. 363). The Court also notes that at this

examination, plaintiff indicated that her resting pain was 3/10, and that her pain "after

long walks" was 6/10, thereby suggesting that her pain was limited and also suggest that

she was walking more than ten minutes at a time (*see id.*).

        The Court also notes that at plaintiff's August, 2010 appointment, the record

indicates that plaintiff had not "been seen in nearly a year," supporting the ALJ's

implication that had plaintiff been experiencing disabling limitations during this time, she

would have sought medical treatment more consistently (*see* AR. 229).

        For the reasons stated and based on the record as a whole, the Court concludes that

the ALJ provided specific, clear and convincing reasons supported by substantial

evidence in the record as a whole for his failure to credit fully plaintiff's allegations and

testimony regarding the duration and limiting effects of her impairments and symptoms.

<u>CONCLUSION</u>

        Based on the stated reasons and the relevant record, the Court **ORDERS** that this

matter be **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g).

1   **JUDGMENT** should be for defendant and the case should be closed.

2   Dated this 5th day of January, 2015.

3

4                     _____

5                     J. Richard Creatura
                      United States Magistrate Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER ON PLAINTIFF'S COMPLAINT - 12